Name MARCUS G. TIGGS
Address SLATE and LEONI, APC
241 S. Figueroa Street, Ste 230
Los Angeles, CA. 90012

Telephone 213-625-0161

[X] Attorney for Debtor(s)
[ ] Debtor in Pro Per

Attorney's State Bar I.D. No. #137467

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names, including trade names, used by Debtor(s) within last 6 years: WILLIAM F. RUMMLER and ROXANNE L. RUMMLER | Chapter 13 Case No. **CHAPTER 13 PLAN AND MOTION TO AVOID LIENS** CONF: TIME: PLACE: |
|---|---|
| Social Security No. 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   Debtor | |
| Social Security No. 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   Joint Debtor | |
| Debtor(s) EIN No. ___ | |

## NOTICE

This plan contains evidentiary matter which, if not controverted, may be accepted by the court as true. Creditors cannot vote on this plan but they may object to its confirmation pursuant to Bankruptcy Code § 1324. Any objection must be in writing and must be filed with the court and served upon the debtor, debtor's counsel (if any), and the Chapter 13 trustee not less than four (4) court days prior to the date fixed for the confirmation hearing. Absent any such objection, the court may confirm this Chapter 13 plan and accept the valuations and allegations.

Holders of claims secured by real property will be paid according to this plan unless and until a claim is timely filed by the secured claim holder and that claim is allowed. Holders of all other claims must timely file proofs of claim in order to be paid.

Debtor proposes the following Chapter 13 Plan and makes the following declarations:

**I. PROPERTIES AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE TRUSTEE:**

Debtor submits the following to the supervision and control of the Trustee:

1. Payments by Debtor of $ 2,700.00 per month for 58 months. This monthly payment will begin within 30 days of the date the Petition was filed.

2. Other property: None
   (specify property or indicate none)

3. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

CCD-13P

## II. MOTION TO AVOID LIENS ON EXEMPT PERSONAL PROPERTY

Notice is hereby given that the Debtor moves to avoid the following liens on exempt personal property pursuant to 11 U.S.C. § 522(f)(2), and to treat such creditors as unsecured creditors only. (Motions to avoid judicial liens under 11 U.S.C. § 522(f)(1) must be brought by separate motion pursuant to appropriate Local Bankruptcy Rules.) Debtor's declaration in support of this motion is annexed hereto pursuant to Local Rule 9013-1(9). If you object to the motion, you must file your objections within 20 days from the date this motion and plan is served on you. Any objection to the motion will be heard on the date and at the time set for confirmation of the plan.

| Name of Creditor | Description of Property |
|---|---|
| None | |

## III. CLASSIFICATION AND TREATMENT OF CLAIMS

1. **CLASS ONE** - Allowed Unsecured Claims entitled to priority under 11 U.S.C. § 507. Debtor will pay Class One claims in full in deferred payments, provided a proof of claim has been filed, as follows:

| | PRIORITY CLAIM | MONTHLY PAYMENT | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|
| a. Administrative Expenses | | | | |
| (1) Trustee's Compensation | (estimated at 10% of disbursement amounts) | | | |
| (2) Attorney's Fees | $ 1,160.00 | $ * | # * | $ 1,160.00 |
| b. Internal Revenue Service | $ 82,066.32 | $ 1,414.93 | # 58 | $ 82,066.32 |
| c. Franchise Tax Board | $ 14,709.76 | $ 253.62 | # 58 | $ 14,709.76 |
| d. Other | $ 0.00 | $ 0.00 | # | $ 0.00 |

*Attorney Fees to be paid first.

2. **CLASS TWO** - Claims secured by Real Property that is the debtor's **PRINCIPAL RESIDENCE**. The value as of the effective date of the Plan of the series of payments to be distributed under the Plan on account of each secured claim provided for by the Plan is equal to the allowed amount of such claim. Defaults shall be cured using a discount rate of _____10__ % per annum. Any obligation maturing by its terms before termination of this Plan shall be paid on or before its due date. Each creditor shall retain its lien.

| Name of Creditor and Loan Number | AMOUNT IN DEFAULT | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENTS |
|---|---|---|---|---|
| Name _____ Loan No. _____ | | | | |
| Cure of default | $ 0.00 | $ 0.00 | # | $ 0.00 |
| Name _____ Loan No. _____ | | | | |
| Cure of default | $ 0.00 | $ 0.00 | # | $ 0.00 |
| Name _____ Loan No. _____ | | | | |
| Cure of default | $ 0.00 | $ 0.00 | # | $ 0.00 |
| Name _____ Loan No. _____ | | | | |
| Cure of default | $ 0.00 | $ 0.00 | # | $ 0.00 |

Case No.: _____

3. **CLASS THREE** - Secured claims not secured solely by a security interest in Debtor's principal residence which are paid in full under the Plan. Class Three claims shall be paid in monthly payments as set forth below. Each creditor shall retain its lien until the plan is completed. Debtor is the owner of the property serving as collateral, is aware of its condition and where the Secured Claim is less than the Total Claim, believes its value is as set forth below under the heading "Secured Claim." The value as of the effective date of the Plan, of the series of payments to be distributed under the Plan on account of each secured claim provided for by the Plan, is equal to the allowed amount of such claim, based upon a present value computation using a discount rate of _____10_____ % per annum.

| Name of Creditor and Loan Number | TOTAL AMOUNT OF DEBT | SECURED CLAIM | UNSECURED AMOUNT | MONTHLY PAYMENT | NUMBER OF TOTAL PAYMENTS | PAYMENT |
|---|---|---|---|---|---|---|
| Name Internal Revenue Ser  Loan No. 529545714 | $30,382.32 | $30,382.32 | $0.00 | $745.43 | #50 | $37,271.50 |
| Name _____  Loan No. _____ | $0.00 | $0.00 | $0.00 | $0.00 | # ___ | $0.00 |
| Name _____  Loan No. _____ | $0.00 | $0.00 | $0.00 | $0.00 | # ___ | $0.00 |
| Name _____  Loan No. _____ | $0.00 | $0.00 | $0.00 | $0.00 | # ___ | $0.00 |
| Name _____  Loan No. _____ | $0.00 | $0.00 | $0.00 | $0.00 | # ___ | $0.00 |

4. **CLASS FOUR** - Secured and Unsecured Claims for which the last payment is due after the final payment under the Plan is due. The value as of the effective date of the Plan, of the series of payments to be distributed under the Plan on account of each secured claim provided for by the Plan, is equal to the allowed amount of such claim. Defaults shall be cured using a discount rate of _____10_____ % per annum. (If more than two creditors, attach separate exhibit.)

| Name of Creditor and Loan Number | AMOUNT IN DEFAULT | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENTS |
|---|---|---|---|---|
| Name None  Loan No. _____  1) Cure of Default | $0.00 | $0.00 | # ___ | $0.00 |
| 2) [ ] Other monthly payment (only if to be paid through Trustee) | | $0.00 | # ___ | $0.00 |
| Name _____  Loan No. _____  1) Cure of Default | $0.00 | $0.00 | # ___ | $0.00 |
| 2) [ ] Other monthly payment (only if to be paid through Trustee) | | $0.00 | # ___ | $0.00 |

Case No.: _____

5. **CLASS FIVE** - Non-priority Unsecured Claims. Debtor estimates that non-priority general unsecured claims total the sum of $ 66,031.03 . Class Five claims shall be paid as follows:

(Check one box only.)

[X] Class Five claims (including allowed unsecured amounts from Class Three) are of one class and shall be paid (pro rata) at 10 % of such claims. Unless the plan provides for payment of 100% to unsecured creditors, the debtor shall pay all disposable income to the trustee for the first 36 months and shall submit statements of income to the trustee on a semi-annual/annual basis. The amount of income shall be reviewed by the trustee who may petition the court to increase the monthly payments for cause.

**OR**

[ ] Class Five claims shall be divided into subclasses as shown on the attached Exhibit and paid pro rata in each subclass as indicated therein. The Plan provides the same treatment for each claim within each subclass of Class Five. The claims of each subclass are substantially similar and the division into subclasses does not discriminate unfairly.

6. **CLASS SIX** - Post-Petition claims under 11 U.S.C. § 1305. Post-Petition claims allowed under 11 U.S.C. § 1305 shall be paid in full in equal monthly installments commencing no more than 30 days after entry of an order allowing such claims and concluding on the date of the last payment under the Plan, provided sufficient funds are available under the Plan or amended Plan.

**IV. COMPARISON WITH CHAPTER 7** - The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the Estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The percentage distribution to general unsecured creditors in Chapter 7 is (estimate) 0 %.

**V. PLAN ANALYSIS** - TOTAL PAYMENT PROVIDED FOR UNDER THE PLAN

| | |
|---|---|
| (a) CLASS ONE | |
| (1) Unpaid attorney's fee | $ 1,160.00 |
| (2) Taxes IRS=82,066.32   FTB=14,709.76 | $ 96,776.08 |
| (3) Other | $ 0.00 |
| (b) CLASS TWO | $ 0.00 |
| (c) CLASS THREE | $ 37,271.50 |
| (d) CLASS FOUR | $ 0.00 |
| (e) CLASS FIVE | $ 6,603.10 |
| (f) SUB-TOTAL | $ 141,810.68 |
| (g) TRUSTEE'S FEES (Estimate 10% unless advised otherwise.) | $ 14,181.07 |
| (h) TOTAL PAYMENTS | $ 155,991.75 |

**VI. ENLARGEMENT OF TIME FOR PAYMENTS**

If the Plan provides for payments over a period of more than 36 months, cause exists as follows:

_____  The Plan proposes to pay at least 70% of unsecured claims.
X  Other: Debtor's are using best effort to fund plan; and there is significant tax liability.

**VII. DEBTOR'S ABILITY TO MAKE PAYMENTS AND COMPLY WITH BANKRUPTCY CODE**

Debtor will be able to make all payments and comply with all provisions of the Plan, based upon the availability to the Debtor of the income and property the Debtor proposes to use to complete the Plan.

This Plan complies with the provisions of the Chapter 13 and all other applicable provisions of the Bankruptcy Code. Any fee, charge, or amount required to be paid under the United States Code or required by the Plan to be paid before confirmation has been paid or will be paid prior to confirmation. The Plan has been proposed in good faith and is not by any means forbidden by law.

Case No.: _____

## VIII. OTHER PROVISIONS

1. The following executory contracts and unexpired leases are rejected: <u>None</u>

2. Debtor assumes the following executory contracts and unexpired leases: <u>None</u>

3. Debtor shall make regular payments directly to the following: <u>Sharon Rummler on child support payments (current omit from plan)</u>

4. Debtor hereby abandons the following personal or real property: _____

5. Miscellaneous Provisions (specify): <u>Attorney's Fees, including Supplemental Fees, to be paid first, notwithstanding dismissal of the instant case.</u>

6. Debtor agrees that the trustee is authorized to disburse funds after the date of confirmation in open court.

## IX. REVESTMENT OF PROPERTY

Any property of the estate shall not revest in the debtor until such time as a discharge is granted or the case is dismissed, subject to all liens and encumbrances not avoided herein. In the event the case is converted to a case under Chapter 7, 11 or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale or refinance of property of the estate, except to respond to any proposed use, sale, or refinance as imposed by Chapter 13 General Order of this Court.

Dated: 6/3/99

_____
Attorney for Debtor(s)
MARCUS G. TIGGS

I declare under penalty of perjury that the foregoing is true and correct.

Executed at <u>Los Angeles</u>, California

_____
Debtor
WILLIAM F. RUMMLER and

Executed on: 6/3/99

_____
Joint Debtor
ROXANNE L. RUMMLER